# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | Case Number: 4:12-CR-211 |
| v. § | Judge Mazzant |
| § | |
| ROCKY SIKES § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant's Motion for Compassionate Release (Dkt. #272). The Court, having considered the Motion, the response, the record, and the applicable law, finds that the motion must be **DENIED without prejudice**.

## BACKGROUND

On June 20, 2014, Defendant Rocky Sikes ("Sikes") pleaded guilty to Conspiracy to Possess with the Intent to Manufacture and Distribute Methamphetamine, a violation of 21 U.S.C. § 846 (Dkt. #1). Sikes was sentenced to 84 months' imprisonment, which the Court later reduced to 70 months (Dkt. #273). This sentence runs consecutive to a state term of imprisonment (Dkt. #273). He is serving his sentence at FCI Texarkana. *See* https://www.bop.gov/inmateloc/ (Reg. No. 20453-078). The Bureau of Prisons projects he will be released on April 11, 2022. *Id.* He has served more than 54% of his statutory term (Dkt. #275, Exhibit A).

On January 4, 2021, Sikes moved for compassionate release (Dkt. #272). On January 13, 2021, the Government responded. On March 3, 2021, Sikes replied (Dkt. #275).

## LEGAL STANDARD

Once a sentence is imposed, BOP is solely responsible for determining an inmate's place of incarceration. *See* 18 U.S.C. § 3621(b); *Moore v. United States Att'y Gen.*, 473 F.2d 1375, 1376 (5th Cir. 1973) (per curiam); *see also McKune v. Lile*, 536 U.S. 24, 39 (2002) (plurality opinion)

("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."). A court has no authority to designate a prisoner's place of incarceration. *United States v. Voda*, 994 F.2d 149, 151-52 (5th Cir. 1993).

## ANALYSIS

Sikes seeks home confinement based on his underlying medical conditions and COVID-19, arguing they present "extraordinary and compelling reasons" to grant home confinement (Dkt. #272). The Government opposes the Motion, arguing Sikes only seeks home confinement, which the Court has no authority to order (Dkt. #273).

The Court finds it lacks authority to order BOP to place Sikes on home confinement. A judgment of conviction imposing a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824, 130 S. Ct. 2683, 177 L.Ed.2d 271 (2010) (quoting 18 U.S.C. § 3582(b)); *see also* 18 U.S.C. § 3582(c). One such circumstance arises from 18 U.S.C. § 3582(c)(1)(A)(i), which authorizes a district court to reduce a term of imprisonment when "extraordinary and compelling reasons" for a reduction exist that are "consistent with applicable policy statements issued by the Sentencing Commission," and other procedural and substantive requirements are met. 18 U.S.C. § 3582(c)(1)(A). But while compassionate release may be warranted in limited circumstances, "neither the CARES Act nor the First Step Act authorizes the court to release an inmate to home confinement." *United States v. Miller*, No. 2:17-CR-015-D (02), 2020 WL 2514887, at *1 (N.D. Tex. May 15, 2020). BOP alone is responsible for determining an inmate's place of incarceration. *See Moore v. United States Att'y Gen.*, 473 F.2d at 1376.

In Sikes's administrative requests for relief, he only asked "to be released to home confinement pursuant to 18 U.S.C. § 3582(c)(1) due to my medical conditions (cirrhosis of the

2

liver, hep c, and chronic case high blood pressure" (Dkt. #272, Exhibit D). In denying Sike's appeal for home confinement, Regional Director Baltazar instructed Sikes to "submit a RIS request to the Warden as outlined in Program Statement 5050.50" if he was seeking compassionate release. (Dkt. #272, Exhibit D). Sikes has not provided evidence that he resubmitted his request. Likewise, his Motion does not request a sentence reduction, only that he serve the remainder of his term on home confinement (Dkt. #272).

As the Court lacks authority to order the BOP to place Sikes on home confinement, his Motion is denied. If Sikes seeks to file a motion for sentence reduction, he may do so after exhausting his administrative remedies.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion for Compassionate Release (Dkt. #272) is **DENIED without prejudice**.

**SIGNED this 22nd day of March, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE